

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~XXXXXXXXXXXX~~ERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bascom Giles
Commissioner, General Land Office
Austin, Texas

Dear Sir:

Opinion No. O-6771
Re: Right of reinstatement under
Article 5326, by purchase of
school land under tax judgment
after forfeiture of land by
Commissioner of the General
Land Office.

Reference is made to your letter of August 3, 1945, which is as follows:

"I am in receipt of a letter from Mr. J. L. Rasberry of the law firm of Burges, Scott, Rasberry & Hulse of El Paso, Texas in which he makes inquiry regarding the recognition of this department of the right of reinstatement under Article 5326 by one who holds title by virtue of a tax deed executed under a tax judgment in a suit filed after the forfeiture of the land for nonpayment of interest. It is the contention of this department that any tax suit instituted against the purchaser after the date of forfeiture of the purchase contracts would take no title to the land from him for the reason that the title revested in the State of Texas Permanent Free School Fund upon forfeiture of the purchase contracts.

"I have been requested by Mr. Rasberry to ask for an official opinion from your office on the matter. The lands in question were Public Free School Lands purchased from the State on deferred payment plan, and which were forfeited for non-payment of interest on July 28, 1941. According to the information furnished by Mr. Rasberry, these lands were sold to the County of El Paso on March 8 and March 9, 1945 under a judgment in a suit for foreclosure of tax liens.

"Please give me your official opinion as to the validity of the above mentioned sale under tax judgment, and as to whether or not such conveyance held by an assignee of the County would entitle him to reinstatement of the purchase contracts under Article 5326."

The Legislature of Texas by appropriate legislation provided for the sale of Public Free School Lands, and prescribed the terms and conditions of such sales.

The land in question here was sold under the deferred payment plan, which provided that the Commissioner of the General Land Office should forfeit it upon the failure of the purchaser to keep the payments current. Upon the failure of the purchaser of the land involved here to pay principal and interest, as provided in the award, the Commissioner forfeited the land on July 28, 1941.

It is well settled that when Public Free School Land is forfeited by the Commissioner, as is the case here, the title to the land vests in the State, and it reverts to the status it had before it was sold, the former owner having no title or right of possession. Lawless v. Wright (Civ. App.) 86 S.W. 1040; Houston Oil Co. v. Reese-Corriher Lbr. Co., 181 S.W. 784, writ of error refused.

After the Commissioner of the General Land Office forfeited the land on July 28, 1941, the County of El Paso secured a judgment foreclosing its lien for taxes and brought it in satisfaction of the judgment. From the information given us, we assume that El Paso County has sold it to a third person.

The sale of this land under the judgment is of course void, since the judgment debtor had no title or right of possession to this land until such time as he exercised his right of reinstatement as is provided for in Art. 5326, V.A.C.S., State v. Stovall, Tex. Civ. App. 76 S.W. (2) 206; Danciger v. State, et al, 166 S.W. (2) 914 (Sup. Ct.). The cases above cited also hold that after the land has passed into the hands of the sovereign, it is not then available for sale in satisfaction of the taxes adjudged against it.

Under Article 5326, V.A.C.S., the right of reinstatement after forfeiture is limited to the last purchaser from the State or his vendees or their heirs or legal representatives. The purchaser of this land under the tax judgment received no title by virtue of his purchase, and being a stranger to the original award by the State, he has no rights under the reinstatement statute.

The opinion herein expressed conforms to your departmental construction of the law, and is in accord with the opinion of previous Attorney Generals as evidenced by the opinions written by the Hon. G. B. Smedley, then Assistant Attorney General, on March 14, 1913, and February 5, 1915, reported on pages 527 and 567 of the Attorney

General's Reports for those respective years.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Jack W. Rowland

By           Jack W. Rowland
                 Assistant

JWR:BT-cg

Approved Aug. 17, 1945
s/ Grover Sellers
Attorney General of Texas

Approved Opinion Committee
by BWB, Chairman